**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JIMALITA TILLMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SHANNON SHARPE, SHAY SHAY MEDIA, CHAD JOHNSON, CHRISTIAN DEAR.<br><br>        Defendants. | Case No. _____<br><br>REMOVED FROM THE LAW DIVISION, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CASE NO. 2025-L-005447 |

**DEFENDANTS' NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Shannon Sharpe and Shay Shay Media LLC[1] (the "Sharpe Defendants") hereby remove to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Cook County, Illinois and captioned *Tillman v. Shannon Sharpe, et al.*, Case No. 2025-L-005447. In support of removal, the Sharpe Defendants state as follows:

### I.    Introduction

1. On April 24, 2025, Plaintiff Jimalita Tillman ("Plaintiff"), *pro se*, filed a Complaint against the Sharpe Defendants and Defendant Chad Johnson ("Mr. Johnson") (collectively, "Defendants") – none of whom are Illinois citizens – in the Circuit Court of Cook County, Illinois. In her Complaint, Plaintiff brought forth claims for libel and defamation against Defendants and

---

[1] Incorrectly named as "Shay Shay Media."

seeks compensatory and punitive damages in the amount of $20,000,000.

2. Plaintiff alleges that she served Mr. Sharpe on either June 27, 2025 or June 29, 2025, presumably of the summons and complaint.

3. To the best of Shay Shay Media LLC's knowledge, it has not been served in this matter. Moreover, in the state court record, there is no affidavit of service on Shay Shay Media LLC.

4. This removal is therefore timely and complies with 28 U.S.C. §§ 1441 & 1446, as this court has diversity jurisdiction over Plaintiff's state law claims.

## II. Background and Proceedings in State Court

5. On April 24, 2025, Plaintiff, *pro se*, filed her operative Complaint in the Circuit Court of Cook County, Illinois, captioned *Tillman v. Shannon Sharpe, et al.*, Case No. 2025-L-005447. *See* Ex. 1 (Complaint).

6. On either June 27 or June 29, 2025, Plaintiff alleges that she served Mr. Sharpe. *See* Ex. 2 at (full-state court record at Affidavit of Service, dated June 28, 2025).

7. To date, Plaintiff is not represented by counsel and appears *pro se*.

8. To the best of Shay Shay Media LLC's knowledge, it has not been served in this matter. Moreover, in the state court record, there is no affidavit of service on Shay Shay Media LLC.

9. An up-to-date copy of all filings on the state court's docket is attached as Exhibit 2.

10. Together, Exhibits 1 and 2 comprise all filings or information to date within the state court proceeding.

2

### III. Timeliness of Removal

11. Pursuant to 28 U.S.C.§ 1446, a defendant has thirty days to remove to federal court from one of two triggering events: (1) receipt of the complaint, if the pleading is facially removable; or, if the complaint is not facially removable then (2) receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1),(3). This former circumstance is applicable here.

12. As noted above, on either June 27 or June 29, 2025, Plaintiff alleges that she served Mr. Sharpe.

13. As noted above, to the best of its knowledge, Shay Shay Media LLC has not yet been served.

14. Assuming *arguendo* that service on Mr. Sharpe was proper as of June 27, 2025, then Mr. Sharpe had 30 days from July 27, 2025 to remove to federal court. 28 U.S.C. § 1446(b)(2)(B). Thus, Mr. Sharpe's alleged removal deadline would be July 28, 2025.

15. This Notice of Removal is timely, as Defendants have filed it within 30 days of being served. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 347–48 (1999) (stating that a defendant's time to remove is not triggered absent service of process, and this requirement is not met by "mere receipt of the complaint unattended by any formal service").

### IV. This Court has diversity jurisdiction.

16. Removal is appropriate because this Court has original diversity-of-citizenship jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1) ("The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states . . ."); 28

3

U.S.C. § 1441(a), (b).

17. Diversity jurisdiction requires (1) complete diversity among the parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. §1332(a). Both requirements are met here.

18. ***First***, there is complete diversity of the parties.

19. Upon information and belief, Plaintiff is a citizen of Illinois. She alleges that she "resides" in Cook County, Illinois, and presumably intends to continue residing in Illinois. (Ex. 1, ¶ 2.)

20. Mr. Sharpe is not a citizen of Illinois, he is a citizen of Nevada, where he maintains his permanent domicile.

21. Shay Shay Media LLC is a limited liability company, whose sole member is Mr. Sharpe. Accordingly, for diversity purposes, Shay Shay Media LLC is also a citizen of Nevada. *See Willow Way, LLC v. Vill. of Lyons, Illinois*, 83 F.4th 655, 657 (7th Cir. 2023) (the citizenship of a "limited liability company depends on the citizenship of its members").

22. While not relevant for diversity purposes, Shay Shay Media LLC is also a Delaware limited liability company, which does not maintain a principal place of business (or any place of business) in Illinois.

23. Upon information and belief, co-defendant Christian Dear is a citizen of California for diversity purposes, and maintains his permanent domicile there. Indeed, a document that appears in the state court file entitled "Additional Defendant/Respondent Address and Service Information" identifies Mr. Dear's address as being in Northridge, California. (*See* Ex. 2 at "Additional Defendant/Respondent Address and Service Information" Form.)

24. Upon information and belief, co-defendant Chad Johnson is a citizen of Florida for diversity purposes, and maintains his permanent domicile there. Indeed, a document that appears

in the state court file entitled "Additional Defendant/Respondent Address and Service Information" identifies Mr. Johnson's address as being in Miami, Florida.

25. Accordingly, the parties are completely diverse and the "citizenship" component of the removal analysis is satisfied. *See* 28 U.S.C. § 1441(b)(2).

26. *Second*, the amount in controversy is also met.

27. Courts "generally accept the Plaintiff's good-faith allegations of the amount in controversy to establish diversity jurisdiction." *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578–79 (7th Cir. 2017). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829–30 (7th Cir. 2011).

28. Plaintiff's Complaint alleges $20,000,000 in compensatory and punitive damages. Ex. 1, § 7.

29. While the Sharpe Defendants believe that Plaintiff's case is completely without merit, there is no statutory cap or bar that preclude Plaintiff from recovering more than $75,000 in this matter.

30. Thus, the amount-in-controversy requirement is satisfied.

31. Accordingly, this case is removable under 28 U.S.C. § 1441 on diversity-of-citizenship grounds. See 28 U.S.C. § 1441(a), (b)(2).

## V. All procedural perquisites have been satisfied.

32. Removal is timely, as the Sharpe Defendants filed this Notice of Removal within 30 days after any alleged service.

33. Venue is proper. This Court encompasses the Illinois court in which Plaintiff filed this action—i.e., the Circuit Court of Cook County, Illinois—meaning this Court is the "district

court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 93(a)(1).

34. All Defendants consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A). Attached as Exhibits 3 and 4 are signed consents by Mr. Dear and Mr. Johnson.

35. In an abundance of caution, Exhibit 2 contains the entire state court file, irrespective of whether the Sharpe Defendants were actually served with these documents. Thus, this notice of removal includes a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The Sharpe Defendants were not served with any papers not included in the state court file.

36. Defendants are sending prompt written notice of this Notice of Removal to Plaintiff and notifying the Clerk of the Circuit Court of Cook County, Illinois as required by 28 U.S.C. § 1446(d). A copy of this state court notice is attached as Exhibit 5.

37. A Civil Cover Sheet accompanies this Notice alongside the required filing fee.

38. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, the undersigned certifies that Defendant's factual allegations herein have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

**PRAYER FOR REMOVAL**

WHEREFORE, Defendant prays this action be removed from the Circuit Court of Cook

6

County, Illinois to the U. S. District Court for the Northern District of Illinois, Eastern Division.

DATED: July 25, 2025                         Respectfully submitted,

                                                 SHANNON SHARPE and SHAY SHAY MEDIA LLC, Defendants

                                                 By: /s/ *Jules A. Levenson*
                                                        One of Their Attorneys

Jules A. Levenson
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
jlevenson@seyfarth.com
Telephone: (312) 460-5000

Michael F. Marino (*pro hac vice forthcoming*)
Jacob Oslick (*pro hac vice forthcoming*)
SEYFARTH SHAW LLP
620 8th Avenue
New York, NY 10018
mmarino@seyfarth.com
joslick@seyfarth.com
Telephone: (212) 218-5500

**CERTIFICATE OF SERVICE**

I, Jules A. Levenson, an attorney, certify that on July 25, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the approved electronic filing system, and also emailed and served, via Federal Express, a copy to Plaintiff, who appears *pro se*, at the below contact information:

> Jimalita Tillman
> 4321 S. King Dr.
> Chicago, IL 60653
> rsvpbet@yahoo.com
> Telephone: (774) 439-9748

/s/ *Jules A. Levenson*
Attorney for Defendant